Katelin B. Gines (Utah No. 17218)
Brandon Sipherd (Utah No. 17910)
PEARSON | BUTLER
1802 W. South Jordan Parkway, Suite 200
South Jordan, UT 84095
Telephone: 801-495-4104
katelin@pearsonbutler.com
brandon@peasonbutler.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT OF UTAH
## NORTHERN DIVISION, STATE OF UTAH

| | |
|---|---|
| TYLER MCINTYRE; and LAURA ELIZABETH MCINTYRE, | COMPLAINT AND JURY DEMAND |
| Plaintiffs, | |
| vs. | Case No.:  2:21-cv-00599-DBP |
| | Honorable Magistrate Judge: Dustin B.Plead |
| SMART HOME PROS, INC., a Utah corporation; VIVINT SOLAR, INC., a Delaware corporation; VIVINT SMART HOME, INC., a Delaware corporation; VIVINT, INC., a Utah corporation; JASON GLISPY, an individual; and DEREK GLISPY, an individual, | |
| Defendants. | |

Plaintiffs, Tyler McIntyre (hereinafter "Plaintiff T. McIntyre") and Laura Elizabeth McIntyre (hereinafter "Plaintiff L. McIntyre"), by and through undersigned counsel, hereby submits this Complaint and Jury Demand against Defendants Smart Home Pros, Inc., Vivint Solar, Inc., Vivint Smart Home, Inc., Vivint, Inc. (collectively hereinafter "Employer"), Jason Glispy, and Derek Glispy as follows:

## INTRODUCTION

1.  This is a proceeding to redress unlawful employment practices committed by Defendants Smart Home Pros, Inc., Vivint Solar, Inc., Vivint Smart Home, Inc., Vivint, Inc., Jason Glispy, and Derek Glispy on the basis of failing to adequately protect Plaintiffs from acts which are described as sexual harassment, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981a(b)(1), as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1988, as amended, as well as negligent supervision and retention, and obtain appropriate relief for Plaintiff. The conduct created a hostile work environment for Plaintiff T. McIntyre.

## PARTIES

2.  Plaintiff T. McIntyre is an individual who resides in Salt Lake County, Utah.

3.  Plaintiff L. McIntyre is an individual who resides in Salt Lake County, Utah.

4.  Defendant Smart Homes Pros, Inc., upon information and belief, is a Utah corporation with a registered address in Utah County, Utah.

5.  Defendant Vivint Solar, Inc., upon information and belief, is a Delaware corporation that is duly authorized to conduct business in the State of Utah with a registered address in Salt Lake County, Utah.

6.  Defendant Vivint Smart Home, Inc., upon information and belief, is a Delaware corporation that is duly authorized to conduct business in the State of Utah with a registered address in Utah County, Utah.

7.  Defendant Vivint, Inc., upon information and belief, is a Utah corporation with a registered address in Utah County, Utah.

8.  Defendant Jason Glispy, upon information and belief, resides in Utah County, Utah.

9. Defendant Derek Glispy, upon information and belief, resides in Utah County, Utah.

## JURISDICTION & VENUE

10. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, for unlawful sex discrimination, sexual harassment, and unlawful employment retaliation under 42 U.S.C. § 1981a(b)(1), as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1988, as amended.

11. Subject matter jurisdiction is proper in this Court pursuant to 42 U.S.C. § 2000e-5, 28 U.S.C. §§ 1331, 1343, 42 U.S.C. §§ 1981 *et seq.*, and 42 U.S.C. § 1988, as amended, in that this action arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended.

12. The Court has pendant jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367.

13. Equitable and other relief are also sought under 42 U.S.C. § 2000e-5(g).

14. Venue is proper under 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1391.

15. Plaintiffs' causes of action arose at the latest on or about August 14, 2018, in Tarrant County, Texas.

16. On or about February 20, 2019, Plaintiff T. McIntyre filed a Charge of Discrimination against Defendant Vivint Solar alleging unlawful sexual harassment, sex discrimination, and retaliation with the Labor Commission of Utah, Anti-Discrimination Division, and the Equal Employment Opportunity Commission. (Plaintiff's Exhibit A).

17. On or about July 6, 2021, Plaintiff T. McIntyre filed a Charge of Discrimination against Defendant Vivint Smart Home alleging unlawful sexual harassment, sex discrimination,

and retaliation with the Labor Commission of Utah, Anti-Discrimination Division, and the Equal Employment Opportunity Commission. (Plaintiff's Exhibit B).

18. On or about July 15, 2021, the EEOC issued a Right to Sue Letter for both of Plaintiff T. McIntyre's Charges of Discrimination (Plaintiffs' Exhibits C & D).

## FACUTAL ALLEGATIONS

19. In or around May 2018, Plaintiff T. McIntyre began working for Employer doing door-to-door sales.

20. Plaintiff T. McIntyre reported directly to Defendant Derek Glispy ("D. Glispy), Manager employed by Employer.

21. During the course of Plaintiff T. McIntyre's employment, Plaintiff T. McIntyre was subjected to egregious, numerous, and concentrated acts of unlawful sexual harassment and sex discrimination by Defendant D. Glispy, his direct supervisor, including, but not limited to, offensive sexual comments, remarks, innuendos (e.g., offensive comments about Plaintiff T. McIntyre's genitalia and having sexual intercourse), and showing his penis. This sexual harassment and sex discrimination had the purpose and effect of unreasonably interfering with Plaintiff's work performance and/or created an intimidating, hostile, or offensive work environment for Plaintiff.

22. Defendant D. Glispy's unwanted and unlawful acts occurred when Defendant D. Glispy was acting within the course or scope of his employment with Defendants, and/or Defendants were negligent or reckless by failing to remedy or prevent Defendant D. Glispy's continued sexual harassment/sex discrimination of Plaintiff, of which Defendants knew or should have known.

23. Shortly after Plaintiff T. McIntyre began working for Employer, Defendant D. Glispy would tell Plaintiff T. McIntyre about his various sexual encounters with men and women, as Defendant D. Glispy is an openly bi-sexual male. Defendant D. Glispy's stories and comments made Plaintiff T. McIntyre feel uncomfortable. Plaintiff asked Defendant D. Glispy to stop on multiple occasions, but Defendant D. Glispy refused to do so.

24. Defendant D. Glispy would also make sexual comments that were directed at Plaintiff T. McIntyre and Plaintiff L. McIntyre. For example, Defendant D. Glispy would tell Plaintiff T. McIntyre "your genitals must be too small," "why don't you set it up so I can make your wife happy; give me 10 minutes with your wife and I will show her things she never experienced with you before," "what's your wife doing right now because I'm going to go over there to teach her how to pass the cucumber," "I want to bang your wife stupid," "I will make your wife scream," and "I will show her how a real man handles a woman."

25. Defendant D. Glispy would also tell Plaintiff T. McIntyre that all of the problems in Plaintiffs' marriage was due to Plaintiff T. McIntyre's inability to satisfy Plaintiff L. McIntyre sexually and that Plaintiff L. McIntyre would not be so "bitchy" if she had a real man so Defendant D. Glispy was going to visit Plaintiffs' home to "shut her up."

26. Defendant D. Glispy shared stories with Plaintiff T. McIntyre about having intercourse with men and told Plaintiff T. McIntyre that he should "try to pass the cucumber" with Defendant D. Glispy.

27. On several occasions, Defendant D. Glispy exposed his penis to Plaintiff T. McIntyre to urinate in a bottle while driving in the car. When Plaintiff T. McIntyre informed Defendant D. Glispy that this made him feel uncomfortable, Defendant D. Glispy responded by saying, "Then don't look."

28. Defendant D. Glispy would regularly criticize Plaintiff T. McIntyre by telling him he "sucked" at his job because he was too fat and by saying his voice sounded like a "whiny little bitch."

29. On August 10, 2018, Defendant D. Glispy visited Plaintiffs' apartment. Plaintiff T. McIntyre was not there but Plaintiff L. McIntyre and their child were. Defendant D. Glispy forced his way into Plaintiffs' apartment and attempted to talk about Plaintiffs' marriage. Plaintiff L. McIntyre repeatedly asked Defendant D. Glispy to leave. Defendant D. Glispy yelled and swore at Plaintiff L. McIntyre and referred to her as "butch." Before Defendant D. Glispy finally left, he instructed Plaintiff L. McIntyre to not discuss his visit with anyone. When Plaintiff T. McIntyre confronted Defendant D. Glispy about the visit, he responded by calling Plaintiff L. McIntyre "a lying bitch."

30. Later that night, Plaintiffs reported the incident with Defendant D. Glispy to Defendant Jason Glispy ("J. Glispy"), Regional Manager working for Employer, as well as Defendant D. Glispy's unwanted and harassing behavior and comments. Defendant J. Glispy failed to take immediate and appropriate correct action; therefore, the sexual harassment/sex discrimination continued.

31. Defendant J. Glispy is Defendant D. Glispy's brother.

32. On August 11, 2018, Defendant J. Glispy visited Plaintiffs' apartment. Again, Plaintiffs reported the incident with Defendant D. Glispy as well as Defendant D. Glispy's unwanted and harassing behavior and comments. Defendant J. Glispy asked if Plaintiffs wanted to formally report Defendant D. Glispy to Employer. After Plaintiffs stated they wanted to formally report Defendant D. Glispy, Defendant J. Glispy assured them that there would be no repercussions for making their complaint.

33. On August 12, 2018, one day after reporting the illegal and harassing behavior, Defendant J. Glispy terminated Plaintiff T. McIntyre for alleged poor performance.

34. The unlawful acts of sexual harassment, sex discrimination, and retaliation by Employer's agents/employees, engaged in by Employer's agents and/or employees, occurred when Employer's agents and/or employees were acting within the course or scope of their employment and/or Employer was negligent or reckless by failing to remedy or prevent its agents and/or employees from unlawfully sexually harassing, discriminating, or retaliating against Plaintiff T. McIntyre.

35. Employer willfully and maliciously engaged in a discriminatory practice or practices, and/or demonstrated a reckless indifference to Plaintiff T. McIntyre's federally protected rights not to be subject to unlawful sexual harassment, sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964.

36. Employer owed Plaintiff T. McIntyre a duty that Employer could have reasonably expected, consistent with the practical realities of an employer-employee relationship, to appreciate the threat of Defendant D. Glispy's continued sexual harassment and sex discrimination of Plaintiff T. McIntyre and to act to minimize or protect Plaintiff T. McIntyre against the continued sexual harassment and sex discrimination.

37. Employer breached the duty it owed to Plaintiff T. McIntyre by and through its agents/employees who were acting within the course and scope of their employment, failed to adequately supervise and/or retain Defendant D. Glispy to prevent the continued sexual harassment and sex discrimination of Plaintiff T. McIntyre by Defendant D. Glispy.

38. As a direct and proximate cause of Employer's breach, Plaintiff T. McIntyre suffered damages, including, but no limited to, termination.

39. Employer, acting by and through its agents and/or employees, intentionally or recklessly engaged in intolerable and outrageous unlawful sexual harassment, sex discrimination, and retaliation, that directly and proximately caused Plaintiffs to suffer severe emotional distress.

## FIRST CAUSE OF ACTION
### *Unlawful Sexual Harassment in Violation of the Civil Rights Act of 1964, as Amended, 42 U.S.C. § 2000e et seq.*
(Plaintiff T. McIntyre asserts against Smart Home Pros, Inc., Vivint Solar, Inc., Vivint Smart Home, Inc., and Vivint. Inc.)

40. Plaintiff T. McIntyre realleges all preceding paragraphs as if stated fully herein.

41. Plaintiff T. McIntyre is a member of a protected class, based on his sex.

42. From approximately May 2018 through August 14, 2018, Employer employed Plaintiff T. McIntyre as a door-to-door salesman in Fort Worth, Texas.

43. During that period of employment, Employer and/or its agents and/or employees were acting within the course and scope of their authority and/or employment, subjected Plaintiff T. McIntyre to egregious, numerous, and concentrated acts of unlawful sexual harassment, based on his sex, including, but not limited to, offensive sexual comments, remarks, innuendos (e.g., offensive comments about Plaintiff T. McIntyre's genitalia and having sexual intercourse), and showing his penis. This sexual harassment had the purpose and effect of unreasonably interfering with Plaintiff T. McIntyre's work performance and/or created an intimidating, hostile, or offensive work environment for Plaintiff T. McIntyre.

44. These unlawful acts of sexual harassment occurred when Employer's agents and/or employees were acting within the course or scope of their employment and/or Employer was negligent or reckless by failing to remedy or prevent its agents and/or employees

continued sexual harassment of Plaintiff T. McIntyre, of which Employer knew or should have known.

45. Plaintiff T. McIntyre insisted that the sexual harassment cease on multiple occasions, but to no avail.

46. Plaintiff T. McIntyre complained to Employer's management to stop the sexual harassment, but to no avail.

47. As a direct and proximate result of the sexual harassment direct at Plaintiff T. McIntyre, and Employer's failure to take immediate appropriate corrective action to stop said sexual harassment, Plaintiff T. McIntyre suffered damages, including, but not limited to, termination, loss of future employment, loss of benefits, lost wages, medical expenses, severe emotional distress, pain and suffering, and humiliation, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### *Unlawful Sex Discrimination in Violation of the Civil Rights Act of 1964, as Amended, 42 U.S.C. § 2000e et seq.*
(Plaintiff T. McIntyre asserts against Smart Home Pros, Inc., Vivint Solar, Inc., Vivint Smart Home, Inc., and Vivint. Inc.)

48. Plaintiff T. McIntyre realleges all preceding paragraphs as if stated fully herein.

49. Plaintiff T. McIntyre is a member of a protected class, based on his sex.

50. Plaintiff T. McIntyre was qualified for his job and was performing his job in, at least, a satisfactory manner.

51. Despite Plaintiff T. McIntyre's qualifications and performance, similarly situated female employees or male employees, who conformed to male-gender stereotypes, were treated more favorably based on their gender or conforming to gender stereotypes, as those

employees were not subjected to unlawful sexual harassment or unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964.

52. As a direct and proximate result of Plaintiff T. McIntyre's sex discrimination, Plaintiff T. McIntyre suffered damages, including, but not limited, termination, loss of future employment, loss of benefits, lost wages, medical expenses, severe emotional distress, pain and suffering, and humiliation, in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
*Unlawful Retaliation in Violation of the Civil Rights Act of 1964, as Amended,*
*42 U.S.C. § 2000e et seq.*
(Plaintiff T. McIntyre asserts against Smart Home Pros, Inc., Vivint Solar, Inc., Vivint Smart Home, Inc., and Vivint. Inc.)

53. Plaintiff T. McIntyre realleges all preceding paragraphs as if stated fully herein.

54. As a direct and proximate result of Plaintiff T. McIntyre's complaint of sexual harassment and sex discrimination, Employer unlawfully retaliated against Plaintiff T. McIntyre, in violation of Title VII of the Civil Rights Act of 1964, as amended, by terminating Plaintiff T. McIntyre's employment.

55. As a direct and proximate result of Employer's retaliation against Plaintiff T. McIntyre, Plaintiff T. McIntyre suffered damages, including, but not limited, termination, loss of future employment, loss of benefits, lost wages, medical expenses, severe emotional distress, pain and suffering, and humiliation, in an amount to be determined at trial.

56. These unlawful actions of retaliation by Employer's agents/employees occurred when these agents/employees were acting within the course and scope of their employment with Employer, and/or Employer was negligent or reckless by failing to remedy or prevent its agents/employees from unlawfully retaliating against Plaintiff T. McIntyre.

### FOURTH CAUSEOF ACTION
*Exemplary Damages Under 42 U.S.C. § 1981a(b)(1) and 42 U.S.C. § 1988, as Amended.*

(Plaintiff T. McIntyre asserts against Smart Home Pros, Inc., Vivint Solar, Inc., Vivint Smart Home, Inc., and Vivint. Inc.)

57. Plaintiff T. McIntyre realleges all preceding paragraphs as if stated fully herein.

58. Employer willfully and maliciously engaged in a discriminatory practice or practices and/or demonstrated a reckless indifference to Plaintiff T. McIntyre's federally protected rights not to be subject to sexual harassment, sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, as amended; therefore, punitive damages should be awarded to Plaintiff T. McIntyre under 42 U.S.C. § 1981a(b)(1), as amended, and 42 U.S.C. § 1988, as amended, in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
#### *Negligent Supervision and Retention*
(Plaintiffs T. McIntyre and L. McIntyre assert against Smart Home Pros, Inc., Vivint Solar, Inc., Vivint Smart Home, Inc., and Vivint. Inc.)

59. Plaintiffs reallege all preceding paragraphs as if stated fully herein.

60. Employer owed a duty to Plaintiffs as Employer could have reasonably expected, consistent with the practical realities of an employer-employee relationship, to appreciate the threat of Defendant D. Glispy's continued sexual harassment and sex discrimination of Plaintiffs and to act to minimize or protect Plaintiffs against continued sexual harassment and sex discrimination.

61. Employer breached its duty, acting by and through its agents/employees who were acting within the course and scope of their employment, when it failed to adequately supervise and/or retain Defendant D. Glispy to prevent the continued sexual harassment and sex discrimination of Plaintiffs by Defendant D. Glispy.

62. As a direct and proximate cause of Employer's breach, Plaintiffs suffered damages, including, but not limited to, termination, loss of future employment, loss of benefits, lost

wages, medical expenses, severe emotional distress, pain and suffering, and humiliation, in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### *Intentional Infliction of Emotional Distress*
(Plaintiffs T. McIntyre and L. McIntyre assert against Smart Home Pros, Inc., Vivint Solar, Inc., Vivint Smart Home, Inc., Vivint. Inc., Jason Glispy, and Derek Glispy)

63. Plaintiffs reallege all preceding paragraphs as if stated fully herein.

64. Defendants, acting by and through their agents and/or employees, intentionally or recklessly engaged in, or permitted, intolerable and outrageous unlawful sexual harassment, sex discrimination, and retaliation.

65. Defendants intentionally acted to harass Plaintiffs by taking any and all actions within their ability to harass, discriminate, and retaliate against Plaintiff T. McIntyre, and to terminate his employment.

66. Defendants' actions were undertaken for the express purpose of inflicting emotional distress upon Plaintiffs and placing an undue hardship upon Plaintiffs.

67. Defendants' actions did, in fact, cause Plaintiffs' severe emotional distress.

68. As a direct and proximate consequence of these violations by Defendants, Plaintiffs suffered severe emotional distress and have been damaged and will be continue to be damaged for which Defendants are liable, including, but limited to, Plaintiffs' lost compensation, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
### *Negligent Infliction of Emotional Distress*
(Plaintiffs T. McIntyre and L. McIntyre assert against Smart Home Pros, Inc., Vivint Solar, Inc., Vivint Smart Home, Inc., Vivint. Inc., Jason Glispy, and Derek Glispy)

69. Plaintiffs reallege all preceding paragraphs as if stated fully herein.

70. Defendants owed a duty of care to Plaintiffs to refrain from and protecting them from employees making sexual propositions and/or sexual harassment and to refrain from creating an unreasonable risk of causing serve emotional harm to Plaintiffs.

71. Defendants, in making sexual propositions and/or sexual harassment, and terminating Plaintiff T. McIntyre after he complained of such, acted with reckless disregard to the probability of causing Plaintiffs' emotional distress.

72. Defendants, in making sexual propositions and/or sexual harassment, and terminating Plaintiff T. McIntyre after he complained of such, breached the duty of care they owed Plaintiffs.

73. As a direct and proximate result of Defendants' actions, Plaintiffs suffered severe emotional harm, including depression, anxiety, feelings of worthlessness, and other emotional harms to be proven at trial.

### EIGHTH CAUSE OF ACTION
#### *Breach of the Implied Covenant of Good Faith and Fair Dealing*
(Plaintiff T. McIntyre asserts against Smart Home Pros, Inc., Vivint Solar, Inc., Vivint Smart Home, Inc., and Vivint. Inc.)

74. Plaintiff T. McIntyre realleges all preceding paragraphs as if stated fully herein.

75. Every employment relationship in Utah contains an implied covenant of good faith and fair dealing.

76. After Plaintiff T. McIntyre complained of unwanted sexual harassment, Plaintiff was abruptly terminated.

77. Defendant J. Glispy informed Plaintiff T. McIntyre that he was being terminated for poor performance despite the fact Plaintiff T. McIntyre had never been counseled regarding alleged poor performance during his entire tenure.

78. Employer's actions were done in bad faith and constitute a breach of the implied covenant of good faith and fair dealing.

## REQUEST FOR JURY TRIAL

WHEREFORE, Plaintiffs request that this matter be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, as a result of the foregoing allegations and causes of actions, Plaintiffs are entitled to judgement, as follows:

    a. For an award of compensatory damages, both special and general damages suffered, which will be shown at the time of trial;

    b. For an award of damages for Plaintiffs' emotional distress resulting from Defendants' discrimination, disparate impact, and outrageous conduct;

    c. For an award of equitable damages to Plaintiffs and for other future pecuniary losses pursuant to 42 U.S.C. § 1981a and other provisions.

    d. For an award of punitive and exemplary damages to Plaintiffs pursuant to 42 U.S.C. § 1988 and other provisions.

    e. For all attorneys' fees and costs, including expert witnesses.

    f. For such other and further relief as the Court deems just and proper.

DATED this 12th day of October 2021.

PEARSON BUTLER

/s/ *Katelin B. Gines*
Katelin B. Gines
Attorneys for Plaintiffs